IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARAH HEINZL, individually and on )
behalf of all others similarly situated, )
        Plaintiff, )
         )
vs )   Civil Action No. 2:14-cv-1316
         )
STARBUCKS CORPORATION, )
        Defendant. )

MEMORANDUM AND ORDER

On January 19, 2015, Defendant, Starbucks Corporation, filed a motion to dismiss the complaint brought by Plaintiff, Sarah Heinzl, alleging violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 to 12189 (ADA). Specifically, Plaintiff alleged that the facilities at Starbucks are not fully accessible to and independently usable by individuals who use wheelchairs for mobility, as she does, because of various barriers in the parking lots and along the routes to the building entrances.

Defendant's motion contended that: 1) Plaintiff lacked standing to bring this action, at least with respect to Starbucks locations she has not visited; and 2) Plaintiff had sued the incorrect party, and/or that she had failed to join necessary and indispensable parties because Starbucks does not own, occupy or control the "place of public accommodation" at issue, i.e., the parking lots in question, but is only a tenant. Defendant attached to its motion redacted copies of the leases for all 22 Starbucks locations cited in the Complaint (ECF No. 20 Exs. C-X), each of which, it asserted, contained express provisions allocating to the landlords the responsibility for the parking lots and other common areas and/or for compliance with laws, including the ADA.

On March 9, 2015, a Memorandum Opinion and Order was entered (ECF No. 37) ("the March 9 Order"), which denied Defendant's motion. The Court concluded that: 1) Plaintiff

satisfied the requirements of standing, both under the intent to return test and under the deterrent effect test because she encountered architectural barriers at the Subject Locations, which are close to her home and/or which she has visited frequently, and she expressed an intent to return even though the barriers remain, and she did not have to visit all the other locations for purposes of standing as that was an issue of class certification which was not before the Court; and 2) Defendant failed to demonstrate that it was an improper party or that Plaintiff had not joined necessary and indispensable parties based upon the leases, both because they could not be considered in the context of a motion to dismiss and also because the ADA imposes liability on both landlords and tenants and, to the extent the landlords were necessary parties, Starbucks did not demonstrate that they could not be joined in this action; in fact, it had many options—implead the landlords, notify them and request their assistance, remedy the problems and seek reimbursement, and even "vouch in" landlords over whom the Court would not have personal jurisdiction such that they would be required to defend themselves or risk being precluded from relitigating the issue in the future.

Prior to the issuance of the March 9 Order denying Defendant's motion to dismiss, on March 3 and March 4, 2015, Defendant filed four motions for protective order (ECF Nos. 28, 30, 32, 34). In these motions, Defendant sought to limit discovery in this case on the grounds that Starbucks did not control or occupy the parking lots where the alleged ADA violations existed and the discovery requests were overbroad and unduly burdensome because they were not limited to the 22 stores cited in the Complaint. On March 16, 2015, an order was entered (ECF No. 39), dismissing all four motions for protective order in light of the Court's March 9 Order on the motion to dismiss.

Between April 9, and April 15, 2015, Defendant filed motions for reconsideration as to all four motions for protective order (ECF Nos. 45, 50, 51, 52). Plaintiff filed a consolidated response on May 11, 2015 (ECF No. 61).

Standard of Review

The Court of Appeals has stated that:

> "The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted).

Defendant contends that: 1) a recent case from the Ninth Circuit has created a change in controlling law and undermines this Court's conclusions in the March 9 Order, which served as the basis for the March 16 order denying the motions for protective order; 2) this Court overlooked certain arguments in Defendant's original motions; and 3) allowing Plaintiff entry to inspect Defendant's facilities would constitute a manifest injustice.

Plaintiff responds that: 1) the Ninth Circuit case does not represent a change in controlling law and was in a different procedural posture from this case in any event; 2) the Court did not overlook any arguments but addressed them in the March 9 Order; and 3) the

manifest injustice argument again relies on the leases and has been considered and rejected.

Intervening Change in Controlling Law

The Court of Appeals for the Third Circuit has held that "decisions of a sister court of appeals never have the strong bite of precedent in this court. Jurisprudentially speaking, they are considered persuasive argument only, and we are free to accept or reject any of their decisions." Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 223 (3d Cir. 2003). Thus, a new case from the Ninth Circuit cannot represent an "intervening change in controlling law."

In addition, the case upon which Defendant relies was in a different procedural posture from the instant case. In Kohler v. Bed Bath & Beyond of Cal., LLC, 780 F.3d 1260 (9th Cir. 2015),[1] the court affirmed the district court's holding, on a motion for summary judgment, that the defendant ("BB&B") did not lease the parking lot at the shopping center at which purported access barriers existed based on its lease, which defined the parking lot as a "Common Area" and further stated that the "Landlord shall operate, maintain, repair and replace the Common Areas ... [and] shall comply with all applicable Legal Requirements." Id. at 1264. The court held that the case presented the inverse situation from Botosan v. Paul McNally Realty, 216 F.3d 827, 832-34 (9th Cir. 2000), which held that a landlord could not contract away its responsibility under the ADA to a tenant. Because BB&B was a tenant, it had no preexisting control of the property and its potential ADA responsibility was limited to that part of the property that it took control over pursuant to the lease. Defendant contends that, like the defendant in Kohler, it is merely a tenant with no control over the parking lots which contain the alleged ADA violations Plaintiff cites.

In considering a motion to dismiss, "A court may consider an undisputedly authentic

---

[1] This decision was issued on March 24, 2015, after the March 9 Order was filed. In its motion to dismiss, Defendant had relied upon the district court decision, 2012 WL 3018320 (C.D. Cal. July 23, 2012).

document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Miller v. Clinton County, 544 F.3d 542, 550 (3d Cir. 2008) (quotation omitted). Plaintiff's claims are not "based on" the leases Defendant has proffered, but on the ADA. Thus, it is premature to examine the leases and determine the amount of control Starbucks has over the parking lots. See Rodgers v. Claim Jumper Restaurant, LLC, 2015 WL 1886708, at * (N.D. Cal. Apr. 24, 2015) (distinguishing Kohler because the court had not determined that the restaurant met the summary judgment standard for a finding of no liability). The Court of Appeals recently reversed a district court which had improperly relied upon inappropriate materials in deciding a motion to dismiss. See Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014). Defendant's argument is rejected.

Clear Error of Law

Defendant argues that the Court committed a "clear error of law" in overlooking its argument as to the unduly burdensome scope of Plaintiff's discovery requests. Marriott Senior Living Servs., Inc. v. Springfield Twp., 2000 WL 1781937, at *2 (E.D. Pa. Nov. 20, 2000) (court granted motion for reconsideration when it acknowledged having mistakenly assumed that defendants did not seek summary judgment on plaintiff's equal protection claim). Plaintiff responds that the Court did not overlook this argument.

Defendant contends that neither the March 9 Order nor the order dismissing the motions for protective order discussed its contention that Plaintiff's proposed inspections of 1,702 Starbucks stores located throughout Delaware, Maryland, Pennsylvania, New Jersey, New York, Ohio and West Virginia are "irrelevant to Plaintiff's claims as Starbucks does not own the premises to be inspected, and they do not control or occupy the areas where the alleged ADA

5

violations are purported to exist" or its argument that "the requested breadth of the inspections are [sic] overly broad and unduly burdensome exceeding the parameters of Plaintiff's Complaint which names only twenty-two (22) Starbucks locations." (ECF No. 46 at 11.) As the discussion above demonstrates, the Court did discuss the relevancy argument: it was rejected because accepting Defendant's position requires reference to and reliance upon the language of the leases, which is inappropriate on a motion to dismiss.

With respect to the second argument, the March 9 Order also rejected Defendant's contention that Plaintiff lacked standing to challenge Starbucks locations she had not visited. The Court held that this issue was a question for class certification which was premature. Thus, Defendant is aware that this case is not limited to the locations Plaintiff has visited, because she is challenging policies that allegedly affect a class of disabled individuals.

In addition, Defendant has not explained why the requested breadth of the proposed discovery is unduly burdensome, as it would involve inspections of parking lots (which Starbucks insists it has no ownership in or control over) to measure, survey and photograph their slopes and other aspects of ADA compliance. The party moving for a protective order bears the burden of showing that "good cause" exists to limit or foreclose discovery. Fed. R. Civ. P. 26(c). Defendant has not even demonstrated that the proposed inspections are burdensome, much less that "the burden or expense of the proposed discovery outweighs its likely benefit…." Fed. R. Civ. P. 26(b)(2)(C)(iii). Plaintiff is not even requesting access to the interior of the stores.[2] This argument is rejected.

---

[2] Defendant's statement that Plaintiff is requesting "to inspect the interior and exterior of the 1,702 Starbucks locations" (ECF No. 46 at 3) is in error.

Manifest Injustice

Finally, Defendant argues that forcing it to provide permission for the proposed inspections to take place would constitute a manifest injustice because it has no authority to provide such permission. Plaintiff responds that this is a mere repackaging of Defendant's other arguments.

Again, the Court has addressed Defendant's argument that it has no control over the parking lots, rejecting it as improperly based upon leases which cannot be considered in the context of a motion to dismiss. In addition, Defendant's position is nonsensical: it contends that it has no control over the parking lots and therefore has no authority to provide permission for the parking lots to be inspected. This argument does not suggest, much less demonstrate, that Starbucks would incur any burden; the burden, if any, would fall upon the landlords who supposedly maintain control over the parking lots. This argument is rejected.

ORDER

AND NOW, this 18th day of May, for the reasons stated above,

IT IS ORDERED that Defendant's motions for reconsideration (ECF Nos. 45, 50, 51, 52) are denied.

                                                                   s/Robert C. Mitchell_____
                                                                   ROBERT C. MITCHELL
                                                                   United States Magistrate Judge